**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FERNANDO GARCIA-ESCOBAR** | § | |
| | § | |
| **V.** | § | **A-20-CV-507-LY** |
| | § | |
| **BOBBY LUMPKIN** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 9) and Respondent's Answer (Document 16). Petitioner did not file a response thereto. Petitioner, proceeding pro se, paid the full filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, in cause number D-1-DC-17-202029. Petitioner was charged by indictment with one count of continuous sexual abuse of a child, three counts of aggravated sexual assault of a child, and three counts of indecency

with a child by contact.  Petitioner pleaded not guilty, but the jury found him guilty of continuous sexual abuse of a child under fourteen.  Petitioner was sentenced to life imprisonment.

The Third Court of Appeals affirmed Petitioner's conviction and sentence on August 22, 2019.  *Garcia-Escobar v. State*, No. 03-18-00361-CR, 2019 WL 3952827 (Tex. App.– Austin, Aug. 22, 2019, no pet.).  Petitioner also challenged his conviction in a state application for habeas corpus relief.  The Texas Court of Criminal Appeals denied it without written order on April 22, 2020.  *Ex parte Garcia-Escobar*, No. 90,957-01.

**B.     Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> The evidence at trial demonstrated that appellant began sexually abusing M.H.-M. when she was eight or nine years old. The sexual abuse stopped when M.H.-M. was thirteen years old because her younger brother walked in on appellant having sexual intercourse with M.H.-M. At trial, M.H.-M. described the various sexual acts that appellant perpetrated against her over the four-or five-year period, including putting his "private part" inside her "private part," putting his mouth on her "vagina," putting his fingers inside her "vagina," taking pictures of her "vagina" with his phone, and making her put her mouth on his penis. She could not recall how many times the sexual abuse occurred but indicated that "it happened really frequently," typically, depending on the sexual act perpetrated, once or twice a week.

> Appellant did not testify at trial, but a video recording of his interview with police, which occurred after appellant turned himself in the day after his stepson discovered the sexual abuse, was admitted at trial. In the interview, appellant admitted that he was vaginally penetrating M.H.-M. with his penis when his stepson walked in and confessed that he had been having sexual intercourse with M.H.-M. for about four years, although appellant insisted that he never forced his stepdaughter, never threatened her, and never did anything "against her will."

*Garcia-Escobar*, 2019 WL 3952827, at *1.

**C.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      Appellate counsel was ineffective for failing to send the appellate brief to Petitioner as ordered by the Texas State Bar, so that a proper petition for discretionary review could be filed; and

2.      Appellate counsel filed a frivolous brief on appeal.

**D.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.*  Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning."  *Id.* (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.*  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court.  *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the

relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 741 (quotation and citation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  But absent such  a showing, the federal court must give deference to the state court's fact findings.  *Id.*

**B.**     **Ineffective Assistance of Appellate Counsel**

The Sixth Amendment to the United States Constitution guarantees citizens the assistance of counsel in defending against criminal prosecutions. U.S. CONST. AMEND. 6.  Sixth Amendment claims concerning allegedly ineffective assistance of appellate and trial counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his

defense. *Id.* at 687-88, 690. The Supreme Court has emphasized that "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland*, 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland's* standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S at 101. As a result, the question is not whether

counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 105.

A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucey*, 469 U.S. 387 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). As noted above, the *Strickland* standard for proving ineffective assistance of counsel applies equally to both trial and appellate attorneys. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). Thus, to obtain relief on his claim, Petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of Petitioner's appeal would have been different. *See Smith*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2015).

1.     *Failed to provide appellate brief*

Petitioner admits counsel notified him that his direct appeal was "denied" on August 22, 2019. However, Petitioner complains that counsel failed to provide him with a copy of the appellate brief for Petitioner to use in filing a petition for discretionary review. According to Petitioner, he sent a letter to his attorney asking for a copy of his appellate brief so that a petition for discretionary review could be filed. When he received no response, he sent a second letter. When he received no response to the second letter, Petitioner filed a grievance against his attorney. Petitioner provided the Court with a letter he received from the Client Attorney Assistance Program dated December 2, 2019, that advised Petitioner it sent a letter to his attorney and requested Petitioner to allow the attorney at least ten business days to respond. Petitioner also provided the Court with a copy of the

letter the Client Attorney Assistance Program sent to his attorney.  The letter indicated Petitioner's grievance appeared to consist of a client file request and requested the attorney to contact Petitioner to address Petitioner's concerns within 30 days.  Petitioner provided the Court with the last page of the letter he purportedly received from his attorney in response to the grievance.  Because the entire letter was not provided, the Court is uncertain as to the date of the letter.  Petitioner contends counsel failed to respond within ten days of the Client Attorney Assistance Program's letter and his failure to respond in ten days violated his constitutional rights.

Petitioner raised this claim in his state habeas application.  The Texas Court of Criminal Appeals denied Petitioner's application without written order.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Petitioner had no constitutional right to assistance counsel in filing a petition for discretionary review.  *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974) (Constitution does not guarantee right to counsel over discretionary appeals, as opposed to direct appeals).  Therefore, counsel cannot be found ineffective for failing to provide Petitioner with a copy of the appellate brief to use in filing a petition for discretionary review.

2.    *Filed a frivolous brief on appeal*

In his sole point of error on appeal, Petitioner asserted that a sentence of life without parole for a non-homicide offense violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *See* U.S. CONST. AMEND. VIII (providing that "cruel and unusual punishments" shall not be inflicted). *Garcia-Escobar*, 2019 WL 3952827, at *1. After reviewing the record before the court, the Third Court of Appeals concluded that Petitioner

8

procedurally defaulted his claim challenging the constitutionality of his sentence because he did not raise it at trial.  *Id*. at *3.

When presented with his claim alleging ineffective assistance of appellate counsel on habeas corpus review, the Texas Court of Criminal Appeals denied Petitioner's application without written order.  Petitioner has the AEDPA burden of showing that the state court could not have reasonably ruled against him.  Petitioner has not met this burden.  Petitioner failed to identify what claims appellate counsel should have raised on appeal or that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal would have been different.

## CONCLUSION

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of appellate counsel.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional

right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

   **SIGNED** on December 16, 2020.

_____
   MARK  LANE
   UNITED STATES MAGISTRATE JUDGE